**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

GUILLERMO SOLORIO,

        Petitioner,

        v.

GAVIN NEWSOM, et al.,

        Respondents.

No.  2:24-CV-2408-DJC-DMC-P

AMENDED FINDINGS AND RECOMMENDATIONS

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of mandamus pursuant to 28 U.S.C. § 1651.

The undersigned issued findings and recommendations on September 20, 2024, recommending the action be dismissed for lack of jurisdiction over Respondents. See ECF No. 12. The District Judge declined to adopt those findings and recommendations, finding that Petitioner named the United States Attorney General as a Respondent and Petitioner had been "formally been placed in federal custody due to his conviction and sentence in federal court." ECF No. 14, pg. 2. Accordingly, the undersigned has reviewed Petitioner's application for writ of mandamus and issues these amended findings and recommendations.

As a preliminary matter, Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that Petitioner is unable to prepay fees and costs or give security therefor.  Thus, Petitioner's application to proceed in forma pauperis will be granted.

1

## I. PETITIONER'S ALLEGATIONS

Petitioner contends that he was a state prisoner serving a sentence at California State Prison, Solano, and in 2021 he began working on "challeng[ing] his state court conviction based on a change in the law." ECF No. 1, pg. 2. Petitioner asserts that at this time, "the United States government falsely accuse Petitioner in the United States District Court of participating in conspiracy and racketeering." Id. According to Petitioner, a writ of habeas corpus *ad prosequendum* was issued on August 27, 2021, and "[b]ased on these false allegations, Petitioner was transferred to the custody of the U.S. Marshal pursuant to that writ and was housed within the Bureau of Prisons, USP Atwater (hereafter 'BOP')." Petitioner contends that on August 31, 2022, "representatives of Respondent Garland" sent a request to state Respondents, asking that Respondent Allison "relinquish primary jurisdiction of petitioner." Id. Petitioner asserts that "Respondent Allison agreed, without Petitioner's knowledge or consent" on September 2, 2022. Id.

Petitioner asserts that "the jurisdiction [was] illegally conveyed to the federal government." Id. at 3. Petitioner argues this transfer was in violation of California Penal Code Sections 2911 and 11191, because Petitioner was transferred for the purpose of confinement, not resolution of pending court proceedings. See id. Petitioner states that around June 12, 2024, BOP transferred Petitioner "back into the 'quasi-custody' of the CDCR . . . for the purposes of housing Petitioner" closer to the location of Petitioner's federal trial. Id. Petitioner contends that he challenged this transfer, but state prison officials told him he has no standing as a federal prisoner. See id. Petitioner argues this transfer violated Petitioner's due process rights under the California and United States constitutions. See id. at 4. Petitioner argues that "[b]ecause Respondents cannot point to any legal authority justifying the transfer and primary jurisdiction procedures . . . . the conduct must be considered an abuse of Respondents discretion." Id.

Petitioner argues that the transfer violated "Respondents ministerial duty to obtain [Petitioner's] written consent beforehand," pursuant to California Penal Code Sections 2911 and 11191. Id. at 7. Petitioner asserts that he "has no plain, speedy and adequate remedy at law, other than the relief sought in this request." Id. at 6. Petitioner seeks this writ of mandate to "prohibit[]

2

Respondents from unconstitutionally transferring primary jurisdiction of Petitioner from state to federal custody as being fundamentally inconsistent and in conflict with the California and Untied States Constitutions." Id.  Petitioner additionally asks that the transfer of jurisdiction "be vacated and order Petitioner to be returned to the custody of CDCR." Id. at 13. Finally, Petitioner argues that because he was transferred to federal prison before the conclusion of his state sentence, "he remains in the primary custody and jurisdiction of the state of California."

**II. DISCUSSION**

Petitioner asks this Court to impose on respondents a duty prescribed by state law. However,  28 U.S.C. § 1651 authorizes a court to impose federal law, not state law.  Petitioner additionally argues that because he was transferred to federal custody before completing his state sentence, this Court should order Petitioner to be returned to state custody to complete that sentence.  However, the Ninth Circuit considered and rejected that exact argument in Castro v. Trate, Nos. 24-4576, 24-4579, 24-4582, 24-4586, 24-4588, 2025 LX 544621, at *3-4 (9th Cir. Nov. 18, 2025). Thus, the undersigned will recommend dismissing this case because this Court has no authority to impose state law duties nor does the primary-jurisdiction doctrine provide a substantive right for inmates to decide what order they will serve their sentence.

Under 28 U.S.C. § 1651, the Supreme Court and all other federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions.  See 28 U.S.C. § 1651(a). The Supreme Court has held that such writs are "'reserved for really extraordinary causes.'" Platt v. 3M, 376 U.S. 240, 245 (1964) (quoting Ex parte Fahey, 332 U.S. 258, 260 (1947)). Further, such intervention "should be avoided except where clearly required to give effect to supreme federal law." 28 U.S.C. § 1651, Notes to Decision (quoting Mills v. Lowndes, 26 F. Supp. 792, 1939 U.S. Dist. LEXIS 3021 (D. Md. 1939)); see also Hoffman v. Stump, No. 97-2177, 1998 U.S. App. LEXIS 30768, at *20 (6th Cir. Dec. 2, 1998) (concluding that "federal courts may not issue writs of mandamus to compel state officers to act in accordance with state law" but "it may issue a writ of mandamus ordering a state official to enforce rights protected by federal law.")

///

3

Petitioner argues that a § 1651 writ is necessary because Respondents violated their duty to get Petitioner's consent to transfer under California Penal Code §§ 2911 and 11191. See ECF No. 1. California Penal Code § 2911 ensures procedural safeguards for prisoner transfers to federal custody, but the duty to comply with such procedure is imposed exclusively on California state officials. Cal. Penal Code § 2911. Similarly, §11191 sets out the requirements for prisoner transfers, imposing a duty on "any court or other agency or officer of this state having power to commit or transfer an inmate." Cal. Penal Code §11191.

Petitioner asserts that Respondent Allison's September 2, 2022, letter indicating that California would allow the federal government to take primary jurisdiction over thirteen state prisoners violated the protections provided by §§ 2911 and 11191. See ECF No. 1, pg. 2. Thus, Petitioner asks this Court to impose the duties prescribed by California state law onto Respondents. However, this Court lacks authority to impose state duties onto Respondents. See Mills v. Lowndes, 26 F. Supp. 792, 1939 U.S. Dist. LEXIS 3021 (D. Md. 1939). The extraordinary remedy provided by 28 U.S.C. § 1651, is limited to "enforce[ing] rights protected by federal law." Hoffman v. Stump, No. 97-2177, 1998 U.S. App. LEXIS 30768, at *20 (6th Cir. Dec. 2, 1998). Thus, despite Petitioner naming a federal Respondent and being in federal custody, this Court lacks the authority to impose the duties prescribed by California Penal Code §§ 2911 and 11191 onto any Respondent.

Petitioner next argues that he must "be returned to complete his state sentence" under the doctrine of primary-jurisdiction. ECF No. 1, pg. 14. However, the Ninth Circuit rejected that exact argument in Castro v. Trate, holding:

> The primary-jurisdiction doctrine exists to determine the "priority of custody and service of sentence between state and federal sovereigns," Taylor v. Reno, 164 F.3d 440, 444 n.1 (9th Cir. 1998), and establishes that the first sovereign to arrest a person "may give effect to its sentence before other sovereigns may do so." Johnson, 883 F.3d at 764-65. **Based in comity, the doctrine does not create an individual right to serve the sentence of one sovereign before another.** Stamphill v. Johnston, 136 F.2d 291, 292 (9th Cir. 1943) ("[T]he arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either."); Poland v. Stewart, 117 F.3d 1094, 1097-98 (9th Cir. 1997) (recognizing that the decision to waive primary jurisdiction was fully committed to the discretion of the executive even when a federal term of imprisonment was

4

dramatically altered by the execution of a prisoner pursuant to an intervening state sentence). As such, **Petitioners may not rely on the primary-jurisdiction doctrine to challenge the order in which they serve their sentences**.

Castro v. Trate, Nos. 24-4576, 24-4579, 24-4582, 24-4586, 24-4588, 2025 LX 544621, at *3-4 (9th Cir. Nov. 18, 2025) (emphasis added).

In accordance with this holding, primary-jurisdiction doctrine does not provide Petitioner the right to determine the order of his sentence. Thus, neither remedy Petitioner seeks is available pursuant to § 1651.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and  recommends as follows:

1.        It is ORDERED that Petitioner's application for leave to proceed in forma pauperis, ECF No. 4, is GRANTED.

2.        It is RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 5, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5